# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00001-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER** <br> (ECF Nos. 237, 265, 271) |
| BRUNO MACEDO CORREIA, et al., | |
| Defendants. | |

Before the court is defendant Bruno Correia's Motion for Bill of Particulars under Fed. R. Crim. P. 7(f), (ECF No. 237), filed January 3, 2018, his amended Motion for a Bill of Particulars, (ECF No. 265), filed April 24, 2018, the government's response (ECF No. 307), filed May 29, 2018, and Correia's reply (ECF No. 321), filed June 4, 2018.  Co-defendant Andre Araujo Rodrigues moved for joinder to the motion (ECF No. 271), on April 25, 2018.

The government states that this case arises out of a conspiracy among numerous Brazilian nationals to commit credit card fraud throughout the United States.  On January 3, 2017, a grand jury returned an indictment charging defendant Bruno Macedo Correia (Correia) with the following crimes: Count 1 – Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); and Count 29 – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)).

Correia's original motion for bill of particulars moved for a broad variety of information, but his amended bill of particulars is more narrow, and is based upon discovery he has received. The court will only address the amended motion and will deny the original motion as moot.

Correia moves for a bill of particulars asking, in eight separate requests, for specific transactions and details supporting the allegations against him, names of person with whom he allegedly solicited cooperation, the exact role he played in the commission of the overt acts

charged, the statements the government will rely upon to establish when the conspiracy was joined, exact statements and events upon which the prosecution intends to rely to prove the conspiracy and his role, the locations where the acts occurred, and acts which reflect a nexus to the state of Nevada.  The government responds that defendant's request is the equivalent of civil discovery interrogatories, which are not available in criminal prosecutions, and that it has provided extensive discovery to explain the allegations.

Rule 7(f) of the Federal Rules of Criminal Procedure states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The bill of particulars has three functions: '[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1980) *cert. denied* 444 U.S. 979 (1979) (quotation omitted); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (identifying the threefold purpose of a bill of particulars).  "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Jones*, 2:12-cr-00400-APG-GWF, 2013 WL 5954489, at *4 (D. Nev. Nov. 6, 2013).

In *Giese*, the Ninth Circuit noted that the indictment apprised the defendant of the federal conspiracy offense with which he was charged and of the overt acts which allegedly contributed to his participation in the conspiracy. *Giese*, 597 F.2d at 1180.  It was specifically noted that requests for the "when, where, and how of every act in furtherance of [a] conspiracy" are improper discovery requests and beyond the purpose of a bill of particulars.  *Id.* at 1181; *see also United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (stating that "[t]he defendant's

constitutional right is to know the offense with which he is charged, not the details of how it will be proved.").

Here, the indictment describes in extensive detail each defendant's conduct in the alleged conspiracy such that the defendant and his counsel may understand the nature of the charges against him and are able to prepare for trial and avoid or minimize the danger of surprise. The objects, manner, and means of this conspiracy are described in great detail in the indictment. (*See* Indictment (ECF No. 1 at 3:10-13:6)). The government indicates that it has provided extensive discovery including documents, videos, and audio recordings, and provides extensive discussion and numerous exhibits in its opposition which illuminates the role that Correia played in the conspiracy.[1] Correia does not argue an inability to understand the nature of the charges against him. The law is clear that a bill of particulars is not a discovery device. It appears that defendants seek pretrial disclosure of the precise evidence the government intends to introduce at trial. As stated in *Giese*, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce, but only the [t]heory of the government's case." 597 F.2d at 1181 (quotation omitted). It is further noted that the government is under no obligation to identify every overt act committed in furtherance of a conspiracy. *Id.* Correia does not dispute that the government has made a significant disclosure of information regarding the transactions charged in the indictment.

Ultimately, a bill of particulars is not intended to be used for discovery purposes. *United States v. Chan*, 2008 WL 5233585 (E.D. Cal. Dec. 12, 2008) (*citing United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006)). Based on the record, the undersigned concludes that a bill of particulars is not necessary to allow the defense to adequately prepare its case or to avoid prejudicial surprise.

## **CONCLUSION**

Based on the foregoing and good cause appearing therefore,

---

[1] The government also incorporates by reference its additional discussion of discovery regarding Correia in its response (ECF No. 256) to Correia's motion for discovery (ECF No. 280).

IT IS HEREBY ORDERED that Rodrigues's Motion to Join[2] (ECF No. 271) is GRANTED.

IT IS FURTHER ORDERED that defendant Bruno Macedo Correia's Amended Motion for Bill of Particulars (ECF No. 265) is DENIED.

IT IS FURTHER ORDERD that defendant Bruno Macedo Correia's Motion for Bill of Particulars (ECF No. 237) is DENIED as moot.

DATED: July 2, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Rodrigues says he is similarly situated, with the exception of being named in different overt acts, but provides no additional analysis on his need for a bill of particulars.

4