**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00001-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER**<br>(ECF Nos. 280, 281, 282) |
| BRUNO MACEDO CORREIA, et al., | |
| Defendants. | |

Before the court is defendant Bruno Correia's Motion to Compel Production of Information, Material and Documents in Possession of the United States (ECF No. 280), filed April 27, 2018, the government's response (ECF No. 309), filed May 29, 2018, and Correia's reply (ECF No. 328), filed June 5, 2018. Defendant Francisco Filho joined the motion (ECF No. 281) on April 27, 2018, and defendant Andre Araujo Rodrigues joined the motion (ECF No. 282) on April 27, 2018.

## I. BACKGROUND

This case arises out of a conspiracy among numerous Brazilian nationals to commit credit card fraud throughout the United States. On January 3, 2017, a grand jury returned an indictment charging defendant Bruno Macedo Correia with the following crimes: Count 1 – Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); and Count 29 – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)).

This broad-ranging motion requests numerous categories of discovery, most of which are governed by well-known cases and statutes which establish self-executing disclosure obligations of the government. Correia's counsel claims the motion is necessary because of a recent finding of discovery violations in an unrelated case in this district. The government responds that it is aware of its discovery obligations, and has provided extensive discovery.

## II. DISCUSSION

### A. Meet-and-confer obligation

Under LCR 16-1(c), a motion for discovery must contain a statement certifying that, after personal consultation, the movant has been unable to resolve the dispute without court action. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the court. Given the breadth of the requests, it does not appear that Correia's counsel made a sincere effort to meet and confer to try to narrow discovery issues before filing this motion. *See* LR IA 1-3(f) (defining meet and confer).[1] Additionally, considering the government's responses to particular requests, it does not appear that Correia's counsel is familiar with the discovery which has been provided. Nevertheless, the court will address the requests.

### B. Applicable standards

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure entitles a defendant to inspect and copy tangible things in the Government's possession, custody, or control, such as books, papers, documents, etc., provided: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant. "'[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality.'" *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) (citations omitted). This "threshold showing of materiality… requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (*quoting United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990)). Although the materiality threshold is "low," "[n]either a general description of the information sought nor conclusory allegations of materiality suffice[.]" *Id.* at 804 (*quoting Mandel*, 914 F.2d at 1219); *see also id.* at 894–95.

---

[1] In reply, Correia's counsel indicates that on December 20, 2017, four months before the current motion was filed, she sent a letter requesting discovery to the prosecutor, and received a response that she should file a motion. The court is unable to evaluate the letter or the government's response because there were not provided to the court. Apparently, counsel made no further effort to resolve the discovery dispute before filing the present motion.

1    As a general proposition, there is no constitutional right to discovery in a criminal case.

2    *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997).  However, the government has a constitutional

3    duty to disclose exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

4    The Supreme Court has also held that the government must disclose impeachment evidence,

5    including all promises, inducements, or threats made to a witness in order to gain the cooperation

6    of that witness in the investigation or prosecution of the defendant.  *Giglio v. United States*, 405

7    U.S. 150, 154 (1972).  The *Brady/Giglio* doctrine does not require the government to disclose

8    neutral, irrelevant, speculative or inculpatory evidence.  *See, e.g., U.S. v. Stinson*, 647 F.3d 1196,

9    1208 (9th Cir. 2011).  Evidence is material under *Brady* if there is a reasonable probability that, if

10   the government had disclosed the evidence to the defendant, the result of the proceeding would

11   have been different.  *See United States v. Bagley*, 473 U.S. 667, 681 (1985); *see also United*

12   *States v. Acosta*, 357 F. Supp. 2d 1228, 1243 (D. Nev. 2005) (materiality standard governs

13   pretrial requests for *Brady* disclosure).  Although *Brady* should be interpreted broadly to

14   encourage prosecutors to carry out their duty, it does not require the government to disclose every

15   scrap of evidence that could conceivably benefit a defendant.  *See, e.g., Moore v. Illinois*, 408

16   U,S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a

17   complete and detailed accounting to the defense of all police investigatory work on a case.").

18   A defendant's allegation that the requested information might be material does not entitle

19   him or her to an unlimited or unsupervised search of the government's files.  *See Pennsylvania v.*

20   *Ritchie*, 480 U.S. 39, 59 (1987).  The government alone determines which information must be

21   disclosed pursuant to *Brady*, and this decision is final.  *Id.*  The Supreme Court has cautioned the

22   government not to "tack too close to the wind" in determining whether material is exculpatory,

23   and therefore should be produced.  *Kyles v. Whitley*, 514 U.S. 419, 439 (1995).  However, the

24   government has the responsibility to make judgment calls about what qualifies as "favorable

25   evidence" and whether certain evidence is "favorable" depends on the context of the existing or

26   potential evidentiary record.  *Id.*  The prosecutor is a representative of the government whose

27   interests in criminal prosecution is not "that it shall win a case, but that justice shall be done." *Id.*

28

3

(internal quotations and citations omitted). Therefore, "the prudent prosecutor will resolve

doubtful questions in favor of disclosure." *Id.*

In order to provide for full and fair cross-examinations, the Jencks Act requires the United

States to provide the defense with any statements made by a witness relating to his or her

testimony after that witness has testified on direct examination. 18 U.S.C. § 3500. A statement

for the purposes of the Jencks Act is:

> (1) a written statement made by said witness and signed or otherwise adopted or
> approved by him; (2) a stenographic, mechanical, electrical, or other recording, or
> a transcription thereof, which is substantially verbatim recital of an oral statement
> made by said witness and recorded contemporaneously with the making of such
> oral statement; or (3) a statement, however taken or recorded, or a transcription
> thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e). Both the Jencks Act and Rule 26.2 of the Federal Rules of Criminal

Procedure, which incorporates the Jencks Act, provide that *after* a witness called by the

government has testified, a criminal defendant, upon motion, is entitled to any prior statements

made by the witness that relate to the subject matter of the witness's testimony. 18 U.S.C. § 3500

(emphasis added). Finally, when the defense seeks material that qualifies as both Jencks Act and

*Brady* material, the Jencks Act controls with respect to the timing of disclosure. *United States v.*

*Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004). The court does not have the authority to compel

the Government to produce Jencks Act statements before a witness testifies. *See United States v.*

*Mills*, 641 F.2d 785, 789–90 (9th Cir. 1981), *cert. denied*, 454 U.S. 902 (1981). An order

requiring early disclosure is unenforceable. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th

Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987).

**C. Specific requests**

1. Correia demands an order compelling certification that the prosecution has turned over

all favorable evidence. The government indicates it understands its obligation to disclose such

appropriate information. While there is a self-executing obligation for the government to turn

over *Brady* or *Giglio* qualifying information, there is no legal authority to require the government

provide certifications regarding its obligations. This court will not interfere with the exercise of

4

the executive branch's *Brady* obligations.  *See United States v. Jennings*, 960 F.2d 1488, 1491-92 (9th Cir. 1992).

2.  Correia demands disclosure of, and access to, confidential informants.  Co-defendant Anderson Alcantara previously moved for disclosure of the identity of, and access to, confidential informants (ECF No. 256), and Correia joined that motion (ECF No. 264).  This court has ruled that there was insufficient justification to overcome the privilege regarding confidential informant information, and so Correia's request has already been denied.  (Order (ECF No. 357).)

3.  Correia requests government-related bias interests and personal bias information.  The government has indicated it understands its obligations under *Giglio*, which is self-executing, and so there is no need for a court order to require compliance.

4.  Correia requests a list of all the evidence the government intends to use in this case. The government's exhibit list is due just prior to trial, as required by the district judge, and it is therefore premature to require a list at this time.

5.  Correia requests a copy of personnel files of testifying law enforcement agents.  Under *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991), the government has a duty, upon defendant's request for production, to inspect the personnel records of federal law enforcement officers who will testify at trial for evidence of perjurious conduct or other similar dishonesty. The government's obligation to provide *Henthorn* material is self-executing, and so there is no need for a court order to require compliance.  If the government is uncertain about the materiality of information in its possession, it may request an *in camera* inspection by the court.

6.  Correia requests a preliminary government witness list with telephone numbers and present whereabouts for each witness.  Under Rule 16, there is no obligation to create such a list.

7.  Correia requests all witness statements.  The government indicates it will provide *Jencks* material, consistent with the court's order, no sooner than five days prior to trial (ECF No. 67), and so there is no need for a court order to require compliance.

8.  Correia requests specific materials related to overt acts #24, 28, 34.  The government states that it understands its obligations under Rule 16, *Brady*, and *Giglio*, and so there is no need for court order to require compliance.

5

9. Correia requests an accurate list of communications between Correia and others, as well as translations. Rule 16 does not require the government to create a list or itemization of witness statements, or to create translations for a defendant's use at trial.

10. Correia requests recordings of interviews with defendant Marcelo Araujo and the contents of electronic devices and tangible things seized as they relate to Correia. The government indicates it has already provided the interviews. To the extent that Correia is asking for the government to search through the evidence to determine which of it pertains to him, there is no such obligation. As to other requests, the government understands its obligations under Rule 16, *Brady*, and *Giglio*, and so there is no need for court order to require compliance.

11. Correia requests text messages mentioned in discovery bates stamp #: 006898; relevant information contained on the laptop and iPhone seized form Braytner Costa; photographs/video from New Orleans referenced in discovery bates stamp #: 006614; photographs referred to in discovery bates stamp #: 006564 and disclosure of software program; unredacted copy of discovery bates stamp #: 007752; documents related to statements in discovery bates stamp #: 006442; 006923-006925; disc placed in CHS file as referenced in discovery bates stamp #: 007874; handwriting exemplars; tangible evidence from January 19, 2017 search of storage unit located at 7650 S. Durango; all co-conspirator and co-defendant statements relating to Correia. The government indicates it understands its obligations under Rule 16, *Brady*, and *Giglio*, and so there is no need for court order to require compliance.

### III. CONCLUSION

IT IS HEREBY ORDERED that joinders by defendants Francisco Filho (ECF No. 281) and AndreAraujo Rodrigues (ECF No. 282) are GRANTED.

IT IS FURTHER ORDERED that defendant Correia's Motion to Compel Production of Information, Material and Documents in Possession of the United States (ECF No. 280) is DENIED.

DATED: July 9, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE